OPINION
{¶ 1} Appellant, D.P., appeals from the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the trial court overruled appellant's objections to the magistrate's decision and upheld the magistrate's decision to: (1) find appellant delinquent for committing a stipulated fifth-degree felony assault; and (2) find that appellant violated probation on two prior delinquency determinations of attempted drug trafficking, a fifth-degree felony, and illegal conveyance of a deadly weapon in a school safety zone, a fifth-degree felony.
 {¶ 2} In November 2005, the magistrate separately issued the above findings for each separate delinquency offense. As a result, on November 4, 2005, the trial court issued three separate judgment entries for each separate delinquency offense. The entries were identical and stated, in pertinent part:
* * * The Court adopts the magistrate's decision and approves same * * * and enters the same as a matter of record, and includes same as the Court's judgment herein. The Court further finds there is no error of law or other defect on the face of the magistrate's decision. The Court incorporates by reference the attached magistrate's decision and makes same the judgment of this Court.
 {¶ 3} Thereafter, appellant filed objections to the magistrate's findings, and, on February 1, 2006, the trial court overruled appellant's objections in three separate entries pertaining to each delinquency offense. The entries were identical and stated, in pertinent part:
* * * [T]he Court overrules the objection to the magistrate's decision filed November 1, 2005 and upholds the decision of the magistrate journalized with this Court on November 4, 2005.
 {¶ 4} Appellant appeals, raising one assignment of error:
Trial counsel's omissions denied appellant the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 5} As demonstrated below, we do not reach the merits of appellant's appeal because the trial court's February 1, 2006 judgment entries do not constitute final appealable orders. Ohio law provides that appellate courts have jurisdiction to review the final appealable orders from lower courts. See Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. Alternatively, we lack jurisdiction to review non-final appealable orders and must dismiss matters lacking final appealable orders. In re J.V., Franklin App. No. 04AP-621, 2005-Ohio-4925, at ¶ 24; Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98. We sua sponte raise the non-final appealable order jurisdictional issue if neither party raises it.In re Elliott (Mar. 5, 1998), Ross App. No. 97 CA 2313; In reMurray (1990), 52 Ohio St.3d 155, 159-160, fn. 2.
 {¶ 6} In In re Elliott, a juvenile appealed a trial court's decision to overrule her objections to a magistrate's decision that found her to be a traffic offender. In overruling the juvenile's objections, the trial court issued the following judgment entry:
"Upon considering the objection to the Magistrate's Order filed June 2, 1997, the court finds the objection without merit and hereby adopts the Magistrate's Order filed June 2, 1997, in its entirety including the provision dealing with poundage the same being provided for in Rule V of the Local Rules of Court."
The Fourth District Court of Appeals noted that, while the trial court adopted the magistrate's decision in the above-noted judgment entry, "[t]he trial court did not, however, enter its own separate judgments containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court." Id., citing, in part, Juv.R. 40 and Civ.R. 53. According to the appellate court, "[m]erely adopting a magistrate's decision without separately setting forth the court's own judgment does not constitute a final appealable order." In re Elliott. Rather, the trial court's judgment entry must enable the parties to refer to the entry to determine "what their responsibilities and obligations may be." Id. Thus, the appellate court determined that the trial court's above-noted judgment entry did not constitute a final appealable order. Therefore, the appellate court concluded that it lacked jurisdiction to consider the juvenile's appeal, and the appellate court dismissed the matter.
 {¶ 7} Here, like In re Elliott, the trial court's February 1, 2006 judgment entries merely adopted the magistrate's decision and did not include "a clear pronouncement of the trial court's judgment" that expressed what appellant's "responsibilities and obligations" are. Thus, the trial court's February 1, 2006 judgment entries do not constitute final appealable orders. Accordingly, we lack jurisdiction to consider appellant's appeals, and we dismiss the appeals. See Section 3(B)(2), ArticleIV, Ohio Constitution; R.C. 2505.02; In re J.V.; Mogavero.
 Appeals dismissed.
Brown and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.