JOURNAL ENTRY AND OPINION
{¶ 1} Appellant the Leader Mortgage Company ("Leader") appeals the trial court's dismissal of Leader's foreclosure action against appellees Shamyra Long and Bernice Watson. Leader assigns the following errors for our review:
 "I. The trial court committed reversible error by dismissing the complaint of plaintiff."
 "II. The trial court's denial of the motion for relief from judgment was an abuse of discretion."
 {¶ 2} Having reviewed the record and pertinent law, we dismiss the appeal in part for lack of a final appealable order, and reverse and remand in part. The apposite facts follow.
 {¶ 3} Shamyra Long and Bernice L. Watson defaulted on a mortgage they had on property located in Garfield Heights. Leader, as the lender on the mortgage, filed a foreclosure complaint against Long and Watson in the amount of $ 70,549.19. Long and Watson failed to answer the complaint; therefore, Leader moved for default judgment.
 {¶ 4} A default judgment hearing was held before a magistrate. The magistrate found at the hearing that the mortgage documents contained defective acknowledgments. Leader was permitted additional time in which to brief the matter. Thereafter, the magistrate entered an order finding the mortgage document did not create a mortgage interest because the acknowledgment clause was defective. *Page 3 
 {¶ 5} Leader filed a motion for relief from judgment from the magistrate's decision, arguing the mortgage contained a proper acknowledgment, or even if it was defective, it was remedied by an additional acknowledgment in the document.
 {¶ 6} The trial court denied Leader's motion for relief, without opinion. On the same date, the trial court held in a separate journal entry, "As the debtors have been discharged in a Chapter 7 proceeding, the demand for a money judgment is denied as moot."[1]
 Court's Dismissal {¶ 7} In its first assigned error, Leader argues the trial court erred by dismissing the foreclosure action as moot based on the affirmative defense that the debt was discharged in bankruptcy. We agree.
 {¶ 8} Civ.R. 8(C) requires certain defenses, including discharge in bankruptcy, to be pleaded affirmatively by a party. If an affirmative defense is not raised by motion or pleaded in the answer, it is waived.[2] Therefore, because the defendants failed to appear in the instant case, the discharge in bankruptcy defense is waived and cannot be raised unilaterally by the trial court.[3] Moreover, only Long *Page 4 
filed for bankruptcy, not Watson; therefore, it would be impossible for Watson's debt to have been discharged. Accordingly, Leader's first assigned is sustained.
 Civ.R. 60(B) {¶ 9} In its second assigned error, Leader argues the trial court erred by denying its motion for relief from judgment. However, because the trial court failed to adopt the magistrate's report, we conclude the appeal from the trial court's denial of the Civ.R. 60(B) motion is not a final order.
 {¶ 10} A final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded.[4] The reason for this is that orders do not constitute court orders unless certain formalities are met.[5] In addition, only judges, not magistrates, may terminate claims or actions by entering judgment.[6]
 {¶ 11} Moreover, Civ.R. 60(B) cannot be used to challenge a magistrate's decision because the rule only applies to "a final judgment, order or proceeding."[7] *Page 5 
Because the magistrate's decision was interlocutory, there was no final judgment from which a Civ.R. 60(B) could be filed. Therefore, the lack of a final order deprives us of jurisdiction over the part of the appeal concerning the denial of the Civ.R. 60(B) motion.[8] Accordingly, Leader's second assigned error is dismissed.
 {¶ 12} Appeal dismissed in part; judgment reversed in part and remanded.
It is ordered that appellant recover of appellees its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Judgment Entry, June 19, 2006.
[2] Hoover v. Sumlin (1984), 12 Ohio St.3d 1; Sunder L. Goel Assocs.Profit Sharing Plan v. Weiler (Mar. 15, 1996), 2nd Dist. No. 15260; Hill v. Petty (Dec. 14, 1993), 4th Dist. No 93CA15;Leeds, Inc. v. Love (1957), 104 Ohio App. 145.
[3] Thrower v. Olowo, Cuyahoga App. No. 81873, 2003-Ohio-2049 at]}24;Hill v. Petty (Dec. 14, 1993), 4th Dist. No. 93CA15;Goldstein v. Humway (1963), 28 Ohio Op.2d 368.
[4] Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,216-218; Robinson v. Bureau of Motor Vehicles, Cuyahoga App. No. 88172,2007-Ohio-1162; Hennis v. Hennis, 2[nd] Dist. No. 2002-CA-107,2003-Ohio-5729, at]}6; White v. White, Gallia App. No. 01CA12, 2002-Ohio-6304, at ]}14-15; Mahlerwein v. Mahlerwein,160 Ohio App.3d 564, 2005-Ohio-1835, at ]}20; Lowe v. Phillips, 2nd Dist. No 20590, 2005-Ohio-2514, at Tf13.
[5] Harkai, 136 Ohio App.3d at 217.
[6] Id. at 218; See, also, Brown v. Cummins (1997),120 Ohio App.3d 554, 555; Crane v. Teague, 2nd Dist. No. 20684,2005-Ohio-5782, at ]}39.
[7] Pine Ave. Commerce Park, Inc. v. Jarvis, 11th Dist. No. 2001-T-0143, 2002-Ohio-6699. See, also, Coleman v. Coleman, 2nd Dist. No. 2003 CA 39, 2004-Ohio-1018 at ¶ 13.
[8] See, NationsBanc Mortgage Corp. v. Davet (Oct. 19, 2000), Cuyahoga App. No. 77155. *Page 1