[Cite as *Gossard v. Gossard*, 2009-Ohio-6716.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

**HEATHER GOSSARD,**

   **PLAINTIFF-APPELLEE,**                                    **CASE NO.  6-09-09**

   **v.**

**LARRY GOSSARD,**                                               **O P I N I O N**

   **DEFENDANT-APPELLANT.**

**Appeal from Hardin County Common Pleas Court**
**Domestic Relations Division**
**Trial Court No. 20073021 DRB**

**Judgment Affirmed**

**Date of Decision:    December 21, 2009**

**APPEARANCES:**

   *Terry L. Hord*  **for Appellant**

   *Scott N. Barrett*  **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Larry A. Gossard (hereinafter "Larry"), appeals the Hardin County Court of Common Pleas' judgment entry granting plaintiff-appellee's, Heather Gossard (hereinafter "Heather"), complaint for divorce. The intervening bankruptcy trustee approves of the trial court's judgment with respect to its distribution of the parties' tax refunds, and therefore, asks this Court to affirm. For the reasons discussed herein, we affirm.

{¶2} Larry and Heather were married on June 17, 2006, and one child was born as issue of the marriage, Bryce N. Wells-Gossard (d.o.b. 7/16/07). (Doc. No. 1, ¶1). On February 21, 2007, Heather filed a complaint for divorce alleging incompatibility and gross neglect. (Id. at ¶¶4-5). On March 13, 2007, Larry filed his answer and counterclaim for divorce alleging incompatibility but denying Heather's allegation of gross neglect. (Doc. No. 11).

{¶3} On August 29, 2007, the magistrate issued temporary orders, including that Larry and Heather jointly file bankruptcy. (Doc. No. 53). Heather, however, filed notice that filing bankruptcy was not financially necessary for her and declining to do the same. (Doc. No. 55). On December 6, 2007, Larry filed a notice that he filed for bankruptcy. (Doc. No. 59). As a result of Larry's bankruptcy filing, the bankruptcy trustee filed a motion to intervene on December 26, 2007, which the trial court granted the following day. (Doc. Nos. 61-62).

**{¶4}** On July 23 and September 11 of 2008, the complaint and counterclaim for divorce proceeded to a hearing before a magistrate. (Doc. Nos. 91, 103). On December 15, 2008, the magistrate issued a decision. (Doc. No. 103).

**{¶5}** On December 29, 2008, Larry filed objections to the magistrate's decision and a request for an extension of time to further delineate his objections upon receipt of a transcript of the proceedings. (Doc. No. 104). The trial court granted Larry's motion for an extension of time on December 31, 2008. (Doc. No. 106).

**{¶6}** On January 13, 2009, Larry filed a motion to compel Heather to file an application for Benefits for Children Medically Handicapped (BCMH) on behalf of the parties' minor child. (Doc. No. 108). On February 6, 2009, Heather filed a motion requesting attorney's fees for the cost of defending against said motion. (Doc. No. 112). Thereafter, on March 26, 2009, Heather filed a motion requesting attorney's fees for defending against Larry's several filed motions. (Doc. No. 118).

**{¶7}** On April 20, 2009, Larry filed his further delineated objections to the magistrate's December 15, 2008 decision. (Doc. No. 126). On May 12, 2009, the trial court adopted and approved the magistrate's decision and granted the parties a divorce. (Doc. No. 131).

**{¶8}** On June 11, 2009, Larry filed a notice of appeal. (Doc. No. 137). Larry now appeals raising eight assignments of error for our review. We find Larry's first assignment of error dispositive.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN FINDING THAT THE OBJECTIONS TO THE MAGISTRATE'S DECISION WERE NOT STATED WITH PARTICULARITY WHEN STATED FACTUALLY AND LEGALLY WITH REFERENCE TO THE TRANSCRIPT AND STIPULATIONS OF THE PROCEEDINGS.**

**{¶9}** In his first assignment of error, Larry argues, in pertinent part, that his objections were stated with particularity, and the trial court's finding in this regard was erroneous. Heather, on the other hand, contends that Larry's objections were not written with the specificity that Civ.R. 53(D)(3)(b)(ii) requires as found by the trial court. We agree with Heather.

**{¶10}** Civ.R. 53(D)(3)(b)(ii) provides that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "[U]nder Civ.R. 53[D](3)(b), objections must be more than 'indirectly addressed': they must be specific." *Young v. Young*, 9th Dist. No. 22891, 2006-Ohio-2274, ¶5, quoting *Ayer v. Ayer* (June 30, 2000), 1st Dist. No. C-990712, *3. When an objecting party fails to state an objection with particularity as required under Civ.R. 53(D)(3)(b), the trial court may affirm the magistrate's decision without considering the merits of the objection. *Triozzi-Hartman v. Hartman*, 11th Dist.

No. 2006-G-2701, 2007-Ohio-5781, ¶15, citing *Waddle v. Waddle* (Mar. 30, 2001), 11th Dist. No.2000-A-0016, *9-10. Similarly, "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion *as required by Civ.R. 53(D)(3)(b).*" Civ.R. 53(D)(3)(b)(iv) (emphasis added).

{¶11} The trial court sub judice reviewed Larry's objections filed April 20, 2009[1] and concluded:

> **This Court finds that Defendant's pleading styled "Civil Rule 53 Objections to the Magistrate Decision Rendered December 15, 2008, with Reference to the Transcript of the Hearing On this Matter" filed April 20th, 2009, does not state any objections with specificity, nor does it state with particularity all grounds for objections as required by Civil Rule 53(D)(3)(b)(ii). The case law states that objections must be more than "indirectly addressed"; they must be specific and detailed. This is certainly not true in the pleading filed by Larry Gossard.**
>
> **Notwithstanding the failure of Defendant to delineate any detailed, specific Objections, the Court, upon independent review of the December 15th, 2008 Magistrate's Decision, finds that there is sufficient information contained therein to allow a determination as to the appropriateness of same.**
>
> **Accordingly, there being no error of law or defect on the face of said Decision, the Court adopts and approves the findings**

---

[1] We note that Larry filed initial objections on December 29, 2008, within Civ.R. 53(D)(3)(b)(i)'s fourteen-day filing deadline, and requested for an extension of time to further delineate his objections after a transcript of the proceedings was completed. (Doc. No. 104). The trial court granted said extension on December 31, 2008. (Doc. No. 106).

**of fact and conclusions of law contained therein and makes the same the Order of this Court, without modification.**

(May 12, 2009 JE, Doc. No. 131).

{¶12} Upon independent review of objections filed by Larry Gossard on April 20, 2009, we conclude that the trial court did not err in finding that Larry's objections failed to meet Civ.R. 53(D)(3)(b)(ii)'s specificity and particularity requirements. Larry's filing is twenty-one (21) pages, single-spaced. (Doc. No. 126).[2] The document appears to be divided into two main sections: the first section, though not entitled as such, recites—in lengthy narrative paragraphs—the alleged factual errors made by the magistrate with citations to the transcript; the second section is entitled "LEGAL ERRORS" and—again in lengthy narrative paragraphs— catalogues several alleged errors of law made by the magistrate with legal citations tacked on the narration. (Doc. No. 126). Although Larry's filing makes some affirmative statements such as "the Magistrate failed to recognize this factor" or it was "error for the Magistrate to * * *," these statements were not specified or particularized as objections such that the trial court could identify them as such. In fact, two triers of fact carefully reading Larry's filing for potential objections would likely have two different lists. Civ.R. 53(D)(3)(b)(ii) clearly places the burden upon the objecting party to identify with specificity and

---

[2] We note that Larry's April 20, 2009 filing is essentially, if not word for word, the exact document he filed on December 29, 2008. The only apparent difference is that the later has citations to the transcript. (Doc. Nos. 104, 126).

particularity their objections.  It was not the trial court's responsibility to read

Larry's twenty-one page, single space filing and decipher potential objections.

{¶13}  Therefore, Larry's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**FAILING TO ISSUE A SHARED PARENTING PLAN AS SUBMITTED BY THE APPELLANT IS NOT IN THE BEST INTEREST OF THE CHILD WITH SPECIAL MEDICAL NEEDS.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO THE APPELLEE WHEN THE APPELLEE FAILED TO TIMELY PRODUCE DOCUMENTS AFTER SEVERAL ATTEMPTS BY THE APPELLANTS TO SEEK THE SAME AND THEN THE TRIAL COURT USED EQUITY TO OFFSET THE ATTORNEY FEES THAT WERE AWARDED APPELLEE[.]**

## ASSIGNMENT OF ERROR IV

**THE COURT ERRED IN FAILING TO TAKE INTO CONSIDERATION THE SECOND MORTGAGE PLACED ON APPELLANT'S MARITAL HOME DURING THE MARRIAGE AND FUNDS TAKEN BY APPELLEE FROM THE ACCOUNT.**

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT ERRED BY AWARDING THE APPELLANT'S PRE-MARITAL CAR TO THE APPELLEE AND DEVALUED THE CAR FOR EQUITY IN THE PROPERTY DISTRIBUTION TO THE APPELLEE DUE TO THE WASTE OF THE APPELLEE.**

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT ERRED BY AWARDING THE CHILD TAX EXEMPTION TO APPELLEE.**

## ASSIGNMENT OF ERROR VII

**COURT ERRED IN FAILING TO DETERMINE A DE-FACTO TERMINATION OF MARRIAGE DATE OF THE MARRIAGE WAS THE DATE THE APPELLEE VACATED THE PRE-MARITAL HOME JANUARY 5, 2007.**

## ASSIGNMENT OF ERROR VII [SIC]

**COURT ERRED IN FAILING TO DETERMINE FINANCIAL MISCONDUCT ON THE PART OF PLAINTIFF-APPELLEE.**

{**¶14**} Larry has presented seven remaining assignments of error for our review.

{**¶15**} Civ.R. 53(D)(3)(b)(iv), however, provides, that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  As we have already found, Larry has failed to object as required under Civ.R. 53(D)(3)(b)(ii), and therefore, he has waived all but plain error on appeal.  With the exception of his eighth assignment of error, Larry has not asserted plain error on appeal, and thus, we need not consider his second, third, fourth, fifth, sixth, and seventh assignments of error further. See, e.g., *Cravens v. Cravens*, 12th Dist. No. CA2008-02-033, 2009-Ohio-1733, ¶31, citing Civ.R. 53(D)(3)(b)(ii), (iv); *Marder*

*v. Marder*, 12th Dist. No. CA2007-06-069, 2008-Ohio-2500, ¶42. Aside from that, the trial court reviewed the magistrate's decision in accordance with Civ.R. 53(D)(4)(c) and concluded that the decision did not contain an error of law or other defect evident on its face. We find no error in the trial court's Civ.R. 53(D)(4)(c) determination.

{¶16} Larry's second, third, fourth, fifth, sixth, and seventh assignments of error are, therefore, overruled.

{¶17} In his eighth assignment of error, Larry argues that the trial court committed plain error when it failed to consider Heather's alleged financial misconduct upon review of the magistrate's decision. We disagree.

{¶18} "A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Brandon v. Brandon*, 3d Dist. No. 10-08-13, 2009-Ohio-3818, ¶38, quoting *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 436 N.E.2d 1001. "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Brandon*, 2009-Ohio-

3818, at ¶37, quoting *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

{¶19} The magistrate found that Larry failed to demonstrate Heather committed financial misconduct with regard to several of his allegations. (Dec. 18, 2008 Decision, Doc. No. 103). Specifically, the magistrate found that Larry failed to demonstrate how Heather profited from her actions or effectively impeded his right to an equitable division of marital property. (Id.). Finally, the magistrate found that most of the money Heather withdrew from Larry's checking account was used for necessities. (Id.). With regard to those items the magistrate found unreasonable, Heather was ordered to reimburse Larry in the amount of $2,112.07. (Id.). The trial court, for its part, approved and adopted the magistrate's decision in its entirety, which included the $2,112.07 reimbursement for those items Heather purchased, which the magistrate found unreasonable. (May 12, 2009 JE, Doc. No. 131, Exhibit A attached).

{¶20} Before compensating a spouse for the offending spouse's financial misconduct, "there must be a clear showing that the offending spouse either profited from the alleged misconduct or intentionally defeated the other spouse's distribution of assets." *Eggeman v. Eggeman*, 3d Dist. No. 2-04-06, 2004-Ohio-6050, ¶24, citing *Wideman v. Wideman*, 6th Dist. No. WD-02-30, 2003-Ohio-1858, ¶34; *Detlef v. Detlef* (Dec. 14, 2001), 6th Dist. No. L-00-1137. After

10

reviewing the testimony, the magistrate concluded that Larry had failed to meet this burden with respect to several of his allegations of financial misconduct. We cannot conclude that the magistrate's decision, or the trial court's adoption thereof, in this regard amounted to plain error that "seriously affect[ed] the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Brandon*, 2009-Ohio-3818, at ¶37, quoting *Davidson*, 79 Ohio St.3d 116, syllabus.

**{¶21}** Larry's eighth and final assignment of error is, therefore, overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and SHAW, J.J., concur.**

**/jlr**