**In re Adoption of S.R.A.; J.J., Appellant; R.A., Appellee.**

[Cite as *In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1096.

Decided Sept. 21, 2010.

⊙⟶119.1

Mary King, for appellant.

Charles K. Milless, for appellee.

CONNOR, Judge.

{¶ 1} Appellant, J.J., appeals from an entry of the Franklin County Court of Common Pleas, Probate Division, affirming the magistrate's decision, which overruled appellant's motion to dismiss and/or stay the adoption petition of appellee, R.A., and appellant's objection to the petition for adoption, determining that appellant's consent to the adoption was not required. Because the judgment from which appellant has appealed is not a final, appealable order, we dismiss this appeal for lack of jurisdiction.

{¶ 2} H.A.[1] had a relationship with both appellant and appellee around July 2005. On March 17, 2006, H.A. gave birth to the minor child, S.R.A. At birth, appellee signed an acknowledgment of paternity pursuant to R.C. 3111.23. Appellee was also listed as the father on the minor child's birth certificate. H.A. informed appellant that he (appellant) was not the father of the minor child. Appellee and H.A. were married on June 30, 2006.

---

1. Prior to marriage, H.A. was known as H.K. For ease of discussion, we shall refer to her throughout this decision as H.A.

{¶ 3} On May 14, 2009, appellant filed a parentage action in Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, claiming that he is the biological father of S.R.A.

{¶ 4} On June 18, 2009, appellee filed his petition to adopt the minor child. H.A., the mother of the minor child, also filed a consent to the adoption. Appellee later filed a Putative Father Registry Certification from the Ohio Department of Job and Family Services. The certification stated that following a search using the name of the child, mother, and father, no putative father is registered. On July 10, 2009, appellant filed an objection to the petition for adoption/motion to dismiss/motion to stay.

{¶ 5} A hearing was held before a magistrate on August 17, 2009, at which appellee and appellant both testified. Appellant testified that he had received a phone call from H.A. in 2005 notifying him that she was approximately three or four weeks pregnant. Appellant believed that he was the father of the unborn child, but in later conversations, H.A. informed appellant that appellee was the father. Appellant testified that H.A. informed him that a paternity test had been conducted following the minor child's birth, and that appellee was determined to be the father. He testified that H.A. also had informed him that appellee was listed as the father on the birth certificate. As a result of these conversations, which he asserts fraudulently led him to believe he was not the father, appellant testified that he decided not to file with the Putative Father Registry and, in turn, waited three years before filing a paternity action. However, appellant also testified that he continued to believe he was S.R.A.'s father.

{¶ 6} Appellee testified that he believed he was the father of S.R.A. during the pregnancy and for several years thereafter, until a January 2009 paternity test determined he was not the father. He subsequently filed a petition to adopt the minor child.

{¶ 7} The magistrate issued an oral ruling during the hearing, as well as a written decision after the hearing on August 17, 2009. The magistrate found no credible evidence of fraud on the part of H.A. that prevented appellant from filing with the Putative Father Registry or from filing a parentage action immediately after the minor child's birth. As a result, the magistrate determined that appellant's consent to the adoption was not necessary, pursuant to R.C. 3107.062 and 3107.07(B). Consequently, the magistrate overruled appellant's objection to the adoption petition and his motions to dismiss and/or stay. The probate court issued a one-page judgment entry that same day, thereby adopting the decision of the magistrate.

{¶ 8} On August 31, 2009, appellant filed objections to the magistrate's decision. However, appellant did not file a transcript of the hearing before the magistrate.

{¶ 9} In his objections, appellant argued that the magistrate had erred in determining that his consent was not required, claiming H.A.'s fraud relieved him of his duty to file with the Putative Father Registry and, as a result, his consent to the adoption is required. Because consent had not been given, appellant argued, the adoption petition should be dismissed. In addition, appellant argued that because the potential adoptive stepparent (appellee) was listed on the birth certificate as the biological father, appellee was precluded from adopting the minor child, because S.R.A. is already considered to be his child.

{¶ 10} Appellee filed a memorandum contra to the objections on September 4, 2009. On October 23, 2009, the trial court filed an entry affirming the magistrate's decision. On November 23, 2009, appellant filed a notice of appeal asserting the following assignments of error for our review:

*First Assignment of Error*

The trial court committed plain error in overruling appellant's motion for stay of proceedings.

*Second Assignment of Error*

The trial court erred in denying appellant's motion to dismiss.

*Third Assignment of Error*

The trial court erred in finding fraud was not sufficient.

*Fourth Assignment of Error*

The trial court erred in finding appellant's consent was not required.

{¶ 11} Before we can address the assignments of error, we must determine whether the trial court's entry constitutes a final, appealable order. As an appellate court, we are permitted to review judgments only when we are presented with an order that is both final and appealable, as defined by R.C. 2505.02. *Salata v. Vallas,* 159 Ohio App.3d 108, 2004-Ohio-6037, 823 N.E.2d 50, ¶ 17. If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte. *Whitaker–Merrell Co. v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

{¶ 12} Under Ohio law, an adoption is a two-step process. The first step involves determining whether parental consent is required. The second step requires a determination of whether the adoption is in the best interest of the child. *In re Adoption of Baby Boy Brooks* (2000), 136 Ohio App.3d 824, 737 N.E.2d 1062. In the instant case, appellant has appealed the probate court's decision following the "consent" phase, in which the probate court determined that appellant's consent was not required. When all other requirements are met, such a determination is a final, appealable order, even though the probate court has not reached the "best interest" phase. See *In re Adoption of B.M.S.,* 10th

Dist. No. 07AP–236, 2007-Ohio-5966, 2007 WL 3293369, citing *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, paragraph one of the syllabus. However, we note that even when an individual's consent is deemed unnecessary, he or she is still entitled to notice of the best-interest hearing and has an overriding interest in being heard on the issue of "best interest." *In re Adoption of B.M.S.* at ¶ 14.

{¶ 13} In addition, the judgment at issue comes before us as a result of the probate judge considering objections filed in response to a magistrate's decision issued following the hearing on the adoption petition. Thus, the trial court is bound to follow Civ.R. 53, which governs proceedings before a magistrate, including the procedure for objections to a magistrate's decision. Furthermore, because the order at issue originates from proceedings under Civ.R. 53, this court must apply the provisions of R.C. 2505.02 and 2505.03 within the context of Civ.R. 53. See *In re Guardianship of Gilfillen,* 10th Dist. No. 02AP–1239, 2003-Ohio-3011, 2003 WL 21357196, ¶ 14.

{¶ 14} Civ.R. 53(D), "Proceedings in Matters Referred to Magistrates," reads as follows:

(4) **Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.**
\* \* \*

(b) **Action on magistrate's decision.**
Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.
\* \* \*

(d) **Action on objections.**
If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

(e) **Entry of judgment or interim order by court.**
A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order.

(i) **Judgment.**

The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

{¶ 15} "When a trial court has assigned a matter to a magistrate and the parties have filed objections to the magistrate's decision, the trial court's judgment entry should address those objections, take one of the actions listed in Civ.R. 53(E)(4)(b),[2] and, if the court intends to dispose of the case in its entirety, the trial court must affirmatively state the relief being afforded to the parties." *In re Dayton*, 7th Dist. No. 02 JE 20, 2003-Ohio-1240, 2003 WL 1194117, ¶ 9. Judgments that deal only with objections and that adopt a magistrate's decision do not constitute final judgments because they address only whether or not the decision should be adopted and fail to inform the parties of the trial court's own independent judgment in the matter. Id. "A final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded." *Leader Mtge. Co. v. Long*, 8th Dist. No. 88417, 2007-Ohio-2512, 2007 WL 1508647, ¶ 10, citing *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 736 N.E.2d 101.

{¶ 16} "In order for a judgment to be final and appealable, a trial court cannot merely adopt a magistrate's decision; it must enter its own judgment that sets forth 'the outcome of the dispute and the remedy provided.'" *Miller v. McStay*, 9th Dist. No. C.A. 22918, 2006-Ohio-2282, 2006 WL 1236066, ¶ 4, quoting *Harkai*, 136 Ohio App.3d at 218, 736 N.E.2d 101. A trial court must enter its own independent judgment, disposing of the matters at issue between the parties so that the parties know of their rights and obligations by referring only to the document known as the "judgment entry." *Conrad v. Conrad*, 9th Dist. No. C.A. 21394, 2003-Ohio-2712, 2003 WL 21221923, ¶ 4. "'[M]erely adopting a magistrate's decision without separately setting forth the court's own judgment does not constitute a final appealable order.'" *In the Matter of D.P.*, 10th Dist. No. 06AP–179, 2006-Ohio-5098, 2006 WL 2789928, ¶ 6, quoting *In re Elliott* (Mar. 5, 1998), 4th Dist. No. 97 CA 2313, 1998 WL 101351. When the entry merely adopts the magistrate's decision and does not include "a clear pronouncement of the trial court's judgment" that expresses the "responsibilities and obligations" of

---

2. Following an amendment, the referenced actions are now located in Civ.R. 53(D)(4)(b).

the parties, the entry is not a final, appealable order. Id. at ¶ 7. See also *Gates v. Praul*, 10th Dist. No. 09AP–123, 2010-Ohio-2062, 2010 WL 1881961.

{¶ 17} Therefore, if the trial court agrees with the magistrate's recommendation, the trial court's entry " 'must restate that recommendation in the form of an order.' " *Dayton*, 2003-Ohio-1240, 2003 WL 1194117, at ¶ 8, quoting *Muzenic v. Muzenic* (June 6, 2000), 7th Dist. No. 95 CA 181, 2000 WL 748114. Orders do not constitute court orders unless certain formalities are met, and only judges, not magistrates, can terminate claims or actions by entering judgment. *Leader Mtge. Co.*, 2007-Ohio-2512, 2007 WL 1508647, at ¶ 10, citing *Harkai*, 136 Ohio App.3d 211, 736 N.E.2d 101; *Crane v. Teague*, 2d Dist. No. 20684, 2005-Ohio-5782, 2005 WL 2852034, ¶ 39. "[O]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." *Dayton* at ¶ 8, citing *Harkai*. Furthermore, a magistrate's decision is not a judgment. *Harkai* at 216, 736 N.E.2d 101.

{¶ 18} Additionally, " '[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case.' " *Harkai*, 136 Ohio App.3d at 216, 736 N.E.2d 101, quoting *Walker v. Walker* (Aug. 5, 1987), 9th Dist. No. 12978, 1987 WL 15591. " 'It is fundamental that the trial court employ diction which should include * * * operative, action-like and conclusionary verbiage * * *.' " *Harkai* at 216, 736 N.E.2d 101, quoting *In re Michael* (1991), 71 Ohio App.3d 727, 730, 595 N.E.2d 397. Moreover, a "judgment" must be distinguished from a "decision." While a decision announces what the judgment shall be, the judgment entry orders the relief unequivocally. *Harkai* at 216, 736 N.E.2d 101, citing *St. Vincent Charity Hosp. v. Mintz* (1987), 33 Ohio St.3d 121, 123, 515 N.E.2d 917. See also *Gates*, 2010-Ohio-2062, 2010 WL 1881961, at ¶ 17. Pursuant to Civ.R. 54(A), "[a] judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." Instead, those matters are properly placed in the "decision." *Harkai* at 216, 736 N.E.2d 101.

{¶ 19} In the instant case, the record presents numerous procedural concerns. For example, the entry at issue fails to actually "adopt" the factual findings and legal conclusions of the magistrate. Instead, the trial court purports to "affirm" the magistrate's decision. While we question whether it is proper to use the two words interchangeably, we have found that even some appellate courts appear to do so, regardless of the fact that "affirming" the magistrate's decision is not listed as an option under any subsection of Civ.R. 53(D)(4). See *Gossard v. Gossard*, 3d Dist. No. 6–09–09, 2009-Ohio-6716, 2009 WL 4894659; *In re C.L.*, 8th Dist. No. 93720, 2010-Ohio-682, 2010 WL 669730; *In re Strickler*, 9th Dist. No.

09CA009692, 2010-Ohio-2277, 2010 WL 2026090; *Lambert v. Lambert*, 11th Dist. No. 2004–P–0057, 2005-Ohio-2259, 2005 WL 1075737; *Mullins–Nessle v. Cardin*, 12th Dist. No. CA2009–07–036, 2009-Ohio-6748, 2009 WL 4895702.

{¶ 20} Additionally, we note that the probate court's October 23, 2009 entry also fails to explicitly rule on the objections raised by appellant, although the court's intent can be inferred from the context of its analysis in the entry. While some appellate courts, such as the Ninth and Fifth Districts, have held that an express determination as to whether the objections have been sustained or overruled is required (see *In re Strickler*, 9th Dist. No. 08CA009375, 2008-Ohio-5813, 2008 WL 4831396, and *O'Brien v. O'Brien*, 5th Dist. No. 02 CA–F–08–038, 2003-Ohio-2893, 2003 WL 21290948), other appellate courts, such as the First District, have held that such an explicit determination is not required if the court's ruling can be inferred from the surrounding context in a written opinion. See *In re Estate of Knowlton*, 1st Dist. No. C–050728, 2006-Ohio-4905, 2006 WL 2708444, and *Chan v. TASR, Total Abatement Specialist & Remodelers*, 1st Dist. No. C–070275, 2008-Ohio-1439, 2008 WL 821759. Yet the better practice is to clearly set forth an explicit ruling on the objections.

{¶ 21} However, the primary deficiency that prevents the entry at issue from constituting a final, appealable order is the fact that the probate court's entry fails to actually "order judgment." "A judgment is generally defined as a pronouncement which determines the matters submitted to a court." *In re Michael*, 71 Ohio App.3d at 729, 595 N.E.2d 397, citing *State ex rel. Curran v. Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E.2d 995. See also *Harkins v. Wasiloski* (Dec. 5, 2001), 7th Dist. No. 00 CA 9, 2001 WL 1568869.

{¶ 22} Although the probate court appears to have recited certain facts as determined by the magistrate and accepted those facts in the absence of a transcript, and also to have undertaken an analysis of the applicable law,[3] the entry from which appellant appeals does not reflect that the probate court entered its own judgment upon conducting an independent review. The entry itself, which appears to be more in line with a "decision" than an "order," fails to actually profess judgment or to employ "judgment" language that provides sufficient information to unequivocally inform the parties of their obligations and of the final outcome of this stage of the matter. The entry does not independently dispose of the issues before the court using "judgment" language, as it does not

---

3. We note that in the time period between the issuance of the magistrate's decision and the probate court's entry, and the issuance of our decision, the Ohio Supreme Court has rendered decisions in two cases that address some of the same issues raised in the merits of this appeal, which we cannot address at this time. See *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236, and *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245.

independently overrule appellant's objection to the adoption petition, nor does it independently dismiss or overrule appellant's motion to dismiss and/or stay the adoption. See *In re Cox*, 11th Dist. No. 2004–A–0057, 2005-Ohio-3899, 2005 WL 1799286, ¶ 31 (the adoption or rejection of the magistrate's decision is not the matter that has been submitted to the court; instead, the magistrate's decision is simply an additional resource to be used by the court in determining the issues before it). Thus, the entry here is not enforceable.

{¶ 23} Accordingly, we do not have jurisdiction to consider appellant's assignments of error because he has not appealed from a final, appealable order. Therefore, the appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

BRYANT and SADLER, JJ., concur.