[Cite as *State v. Gillian*, 2016-Ohio-3232.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| SARA R. GILLIAN, | : | **RELEASED: 5/27/2016** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Thomas E. Saunders, Gallipolis, OH, for appellant.

Harsha, J.

**{¶1}** Following her jury trial Sara R. Gillian appeals her convictions for operating a motor vehicle while under the influence of alcohol and failure to control. Counsel filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, we do not address the merits of that motion. Because the trial court failed to dispose of the failure-to-control charge by sentencing her on that charge, we dismiss this appeal for lack of jurisdiction.

I. FACTS

**{¶2}** A state trooper filed a complaint in the Gallipolis Municipal Court charging Gillian with operating a motor vehicle while under the influence of alcohol ("OMVI") in violation of R.C. 4511.19(A)(1)(a) and failure to control in violation of R.C. 4511.202. The trial court appointed counsel for her, and she entered a plea of not guilty to the charges.

**{¶3}** The case proceeded to a jury trial, which resulted in verdicts finding Gillian guilty of both charges. The trial court sentenced Gillian to three days in jail and

community control, imposed a fine and court costs for the OMVI charge, but did not

impose a specific sentence for her failure-to-control charge. The trial court merely stated

that both a jail sentence and a fine were suited for deterrence of others and for

correction of Gillian for the failure-to-control offense. This appeal followed.

## II. JURISDICTION

{¶4}   " 'Article IV, Section 3(B)(2) of the Ohio Constitution grants jurisdiction to

courts of appeals "to review and affirm, modify, or reverse judgments or final orders of

the courts of record inferior to the courts of appeals within the district." ' " *State v.

Kerns*, 4th Dist. Highland No. 15CA6, 2016-Ohio-63, ¶ 14, quoting *CitiMortgage, Inc. v.

Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10.  The General

Assembly has enacted R.C. 2505.02 to specify which orders are final.  *See Smith v.

Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8.

{¶5}   To constitute a final, appealable order under R.C. 2505.02, a judgment of

conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and

include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the

time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio

St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; *State v.

Johnson*, 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, ¶ 9.

{¶6}   The Supreme Court of Ohio has also held that in a criminal case involving

multiple counts, a final order need not contain a reiteration of those counts that were

resolved on the record in other ways, such as dismissal, nolled counts, or not guilty

findings.  *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944

N.E.2d 672, ¶ 3, and cases cited therein.  Nevertheless, " 'unless the charges that are

not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved. This "hanging charge" prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case.' " *State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013–Ohio–5118, ¶ 6, quoting *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012–Ohio–572, ¶ 6; *State v. Pruitt*, 8th Dist. Cuyahoga No. 96852, 2012–Ohio–1535, ¶ 5, quoting *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007–Ohio–2343, ¶ 7 (" 'a trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him' "); *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012–Ohio–413, ¶ 6 ("when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory").

{¶7}   Likewise where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal. *See generally* Painter and Pollis, *Ohio Appellate Practice*, Section 2:10 (2014).

{¶8}   The entries appealed from by Gillian did not include a disposition of her failure-to-control charge, which was included in the same uniform traffic ticket charging her with the OMVI offense and was tried to the jury in the same case.  Instead, the court issued a separate entry for the failure-to-control charge stating that both a jail sentence and fine were appropriate, but included no specific sentence for this conviction. If the court intended to merge the two convictions as involving allied offenses of similar

import, it should have asked the state to elect which offense it wished the court to pursue for sentencing and acted accordingly. On the other hand, if the court merely wished to impose concurrent sentences for both misdemeanors, it should have expressly done so in the entry. However, the absence of an entry imposing a sentence on the conviction for failure to control precludes our review because we lack jurisdiction to address the merits of this appeal.

## III. CONCLUSION

**{¶9}**    Because we lack jurisdiction to address the merits of Gillian's appeal, we dismiss it. And we remand the matter back to the trial court to enter a final judgment that disposes of both charges in whatever manner it deems appropriate.

APPEAL DISMISSED AND
CAUSE REMANDED.

McFarland, J., dissenting.

{¶10} I respectfully dissent.  In my view, the trial court's intent in sentencing the Appellant can be inferred by the context of the judgment entries.  And, my review of the record indicates the trial court expressly imposed "0" fine on the failure to control companion violation to the OMVI violation.

{¶11} As such, and based on the surrounding context of the current entries and reasonable inferences therefrom, I believe a final appealable order exists.  *See In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435, 938 N.E.2d 432 (10th Dist.); *In re Estate of Knowlton*, 1st Dist. Hamilton No. C-050728, 2006-Ohio-4905*; Chan v. TASR, Total Abatement Specialist & Remodelers*, 1st Dist. Hamilton No. C-070275, 2000-Ohio-1439; *See also Elliott v. Rhodes*, 4th Dist. Pickaway No. 10CA26, 2011-Ohio-339 (Observing disagreement in case law). Painter and Pollis, *Ohio Appellate Practice,* Section 2:2 (2012-2013).

{¶12} Further, and in the interests of justice and judicial economy, I would address the merits of this appeal now.  Accordingly, I respectfully dissent.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the APPEAL IS DISMISSED AND CAUSE REMANDED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:  Concurs in Judgment and Opinion.
McFarland, J.: Dissents with Opinion.

For the Court

BY: _____
      William H. Harsha, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**