[Cite as *Tanner v. Robinson*, 2025-Ohio-1938.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jose Tanner, :

    Plaintiff-Appellee, :

                                          No. 24AP-405

v. : (C.P.C. No. 23JU-9973)

Briana Robinson, : (REGULAR CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on May 29, 2025

---

**On brief:** *Steven P. Billing*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

DORRIAN, J.

{¶ 1} Defendant-appellant, Briana Robinson, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying her objection to a magistrate's decision granting custody of the two children she shares with plaintiff-appellee, Jose Tanner, to Tanner. For the following reasons, we dismiss for lack of a final appealable order.

**I. Facts and Procedural History**

{¶ 2} In October 2023, Tanner filed a complaint seeking custody of the children. The complaint alleged the children had been living with Robinson until January 2023, when they began living with Tanner. Tanner asserted that Robinson's current mailing address was 7590 S. Oakbrook Drive in Reynoldsburg, Ohio, and requested certified mail service of the complaint on Robinson at that address. Certified mail service of the complaint at the Oakbrook Drive address was returned undelivered. Tanner then

requested service on Robinson by publication, signing an affidavit attesting that her last known address was the Oakbrook Drive address and that her residence could not be ascertained with reasonable diligence.

{¶ 3} After service by publication was completed, a magistrate of the trial court conducted a hearing on the complaint on April 4, 2024. At the hearing, the magistrate took testimony from Tanner; Robinson did not appear. Following the hearing, the magistrate issued a decision on April 10, 2024, granting Tanner's complaint and designating him as the sole residential parent and legal custodian of the children. The same day, the court issued a judgment entry approving and adopting the magistrate's decision as the judgment of the court.

{¶ 4} On April 24, 2024, Robinson filed an objection to the magistrate's decision, asserting Tanner knew where she lived and provided the wrong address on the complaint and in his affidavit for service by publication. The trial court conducted a hearing on Robinson's objection; both parties appeared and testified at the hearing.

{¶ 5} Robinson testified she took the children to live with Tanner in February 2023 after she was evicted from her home. The children lived with Tanner for a year until Robinson obtained a residence. Once Robinson had a new home, the children then resumed living with her. Robinson was living in a hotel at the time the complaint was filed. Robinson admitted she had not given Tanner the address of the hotel but claimed the children spent time with her at the hotel and asserted Tanner could have discovered the address of the hotel through the location tracking services on the children's cell phones. Robinson also presented a copy of a text message she sent to Tanner in September 2022, providing her address as 2083 Commons Road South in Reynoldsburg, Ohio. Robinson admitted she was not living at the Commons Road address when the complaint was filed, but claimed that mail sent to that address was being forwarded to her mother's house. Robinson asserted she had last lived at the Oakbrook Road address in 2019 and argued that the Commons Road address was a more recent last known address.

{¶ 6} Tanner admitted he was aware of the Commons Road address, but claimed he knew Robinson was not living there at the time he filed the complaint. Tanner testified that Robinson refused to disclose her address and made the children turn off the location tracking services on their cell phones when they visited with her. Tanner appeared to

indicate that an employee of the clerk's office of the Franklin County Court of Common Pleas suggested using the Oakbrook Road address because it was the last address on file for Robinson in the court records.

{¶ 7} Following the hearing, the trial court issued a decision and judgment entry concluding that service by publication had been the proper method of service because Tanner did not know Robinson's address when he filed the complaint and denying Robinson's objection to the magistrate's decision.

## II. Assignment of Error

{¶ 8} Robinson appeals and assigns the following sole assignment of error for our review:

> The trial court erred and abused its discretion in granting Plaintiff's complaint for custody in designating him the legal custodian of the children without having notified or served Appellant with appropriate notice of the hearing. Improper use of service by publication should not be the straw or deciding factor to deny the mother her right to be heard.

## III. Discussion

{¶ 9} Although not raised by any party, we begin by considering whether we have subject-matter jurisdiction over this appeal. "Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over [the case]." *Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.).

{¶ 10} Courts of appeals have jurisdiction to review final orders of lower courts. Ohio Const., art. IV, § 3(B)(2). "A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Jack Maxton Chevrolet, Inc. v. Hanbali*, 2016-Ohio-1244, ¶ 6 (10th Dist.). In relevant part, R.C. 2505.02(B)(1) provides that an order is a final order when it "affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 11} "In matters assigned to magistrates pursuant to Civ.R. 53, 'orders do not constitute court orders unless certain formalities are met, and only judges, not magistrates, can terminate claims or actions by entering judgment.' " *Staley v. Allstate Property Cas. Ins. Co.*, 2011-Ohio-6171, ¶ 13 (10th Dist.), quoting *In re Adoption of S.R.A.*, 2010-Ohio-4435, ¶ 17 (10th Dist.). "A magistrate's decision is not effective unless adopted by the court."

Civ.R. 53(D)(4)(a). Thus, "[t]he magistrate's decision remains interlocutory until the trial court reviews the decision; adopts, modifies or rejects the decision; and enters a judgment that determines all claims for relief or determines that there is no just reason for delay." *Id.* at ¶ 13. Accordingly, this court has held that there is no final judgment " 'where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded.' " *S.R.A.* at ¶ 15, quoting *Leader Mtge. Co. v. Long*, 2007-Ohio-2512, ¶ 10 (8th Dist.). *See State ex rel. Robinson v. Adult Parole Auth.*, 2018-Ohio-558, ¶ 2 ("Because the court of appeals did not adopt the magistrate's decision, Robinson never received a final, appealable order."); *Figetakis v. My Pillow, Inc.*, 2020-Ohio-3949, ¶ 10 (9th Dist.) ("[F]or a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must independently enter judgment setting forth the outcome of the dispute, indicating the remedy provided, and fully determining the action."); *Ingledue v. Premier Siding & Roofing, Inc.*, 2006-Ohio-2698, ¶ 13 (5th Dist.), quoting *Crane v. Teague*, 2005-Ohio-5782, ¶ 39 (2d Dist.) (" '[A] final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded.' ").

{¶ 12} In this case, the magistrate's decision was accompanied by a judgment entry, issued the same day, that "adopt[ed] the magistrate's decision and approve[d] same, unless specifically modified or vacated, and enter[ed] the same as a matter of record, and include[d] same as the Court's judgment herein." (Apr. 10, 2024 Jgmt. Entry.) Under Civ.R. 53(D)(4)(e)(i), a court may enter a judgment during the 14-day period permitted for filing objections. "If the court enters a judgment during the [14-day objection period], the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(D)(4)(e)(i). After the magistrate's decision and the trial court judgment entry adopting it were issued, Robinson timely filed an objection to the magistrate's decision.

{¶ 13} Citing Civ.R. 53(D)(4)(e)(i), the Fifth District Court of Appeals has held that a trial court judgment resolving objections to a magistrate's decision but failing to vacate, modify, or adhere to a prior judgment entry adopting that magistrate's decision was not a final appealable order. *Frame v. Frame*, 2009-Ohio-2668, ¶ 22 (5th Dist.). In that case, following the issuance of a divorce decree, one parent moved for change of residential

parent, adjustment of child support, and determination of medical support. *Id.* at ¶ 3. The other parent moved to establish medical and miscellaneous payments. *Id.* at ¶ 4. The motions were referred to a magistrate, who issued a decision recommending the motion for change of residential parent be granted and that the other parent be ordered to provide health insurance for the children through her employer. *Id.* at ¶ 5. The trial court issued a judgment entry approving and adopting the magistrate's decision the same day it was filed. *Id.* One parent then filed objections to the magistrate's decision. *Id.* at ¶ 6. The court denied all the objections but one and remanded to the magistrate to take additional evidence relating to that remaining objection. *Id.* at ¶ 7-8. On appeal, the Fifth District Court of Appeals concluded the court entry denying the objections to the magistrate's decision was not a final appealable order because it "did not vacate, modify or adhere to the judgment previously entered . . . which had approved the Magistrate's Decision and adopted the same." *Id.* at ¶ 22. Under a similar provision of the Rules of Juvenile Procedure, the Fourth District Court of Appeals concluded that an order sustaining an objection to a magistrate's decision and modifying the magistrate's decision was not a final appealable order because it "[did] not indicate whether the court vacated, modified or adhered to its prior judgments, as opposed to the magistrate's decision." *In re L.J.S.*, 2016-Ohio-8107, ¶ 15 (4th Dist.).

{¶ 14} In this case, as in *Frame*, the trial court issued a judgment entry adopting the magistrate's decision on the same day the magistrate's decision was issued. Once Robinson timely filed objections, however, the provisions of Civ.R. 53(D)(4)(e)(i) were implicated. Under that rule, the timely filing of objections imposed an automatic stay of the judgment adopting the magistrate's decision until the court disposed of the objections *and* vacated, modified, or adhered to the judgment adopting the magistrate's decision. *See Theodore v. Theodore*, 2015-Ohio-2657, ¶ 21 (10th Dist.) (Brunner, J., concurring.) ("Civ.R. 53(D)(4)(e)(i) requires both an adjudication of the objections and a statement of how that adjudication affects the earlier entered judgment on the magistrate's decision."). The court's decision denying Robinson's objection only addressed the objection and did not contain any language indicating whether the court vacated, modified, or adhered to its

earlier judgment adopting the magistrate's decision.[1]  Therefore, we conclude the decision denying Robinson's objection was not a final appealable order.

{¶ 15} Accordingly, due to the lack of a final appealable order, this court lacks jurisdiction over the present appeal and it must be dismissed.

**IV. Conclusion**

{¶ 16} For the foregoing reasons, we conclude that the judgment denying Robinson's objection to the magistrate's decision is not a final appealable order, and we dismiss the appeal for lack of jurisdiction.

*Appeal dismissed.*

EDELSTEIN and DINGUS, JJ., concur.

---

[1] Although the trial court's decision denying Robinson's objection was captioned as a decision and judgment entry, this court has previously noted that " '[t]he complete record and the intent of the trial court, not just the caption,' determine the substance of [a] document." *Meyer v. Wile*, 2023-Ohio-4624, ¶ 22 (10th Dist.), quoting *Anstaett v. Benjamin*, 2002-Ohio-7339, ¶ 20 (1st Dist.). Despite captioning the decision as a "judgment entry," the court did not issue a judgment as to whether it vacated, modified, or adhered to its prior judgment adopting the magistrate's decision.