[Cite as *Brewer v. Hope Timber Pallet & Recycling, Inc.*, 2011-Ohio-533.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| LEVI BREWER | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : | Case No. 10-CA-76 |
|  | : |  |
|  | : |  |
| HOPE TIMBER PALLET AND RECYCLING, INC. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:　　　　　Civil Appeal from Licking County
　　　　　　　　　　　　　　　　　　　　　Court of Common Pleas Case No.
　　　　　　　　　　　　　　　　　　　　　08-CV-2286

JUDGMENT:　　　　　　　　　　　　　　Dismissed

DATE OF JUDGMENT ENTRY:　　　　　February 4, 2011

APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

R. CRAIG MCLAUGHLIN　　　　　　　DAVID A. CABORN
PETER D. TRASKA　　　　　　　　　　Caborn & Butauski Co., LPA
Elk & Elk Co., Ltd.　　　　　　　　　　765 S. High Street
6105 Parkland Blvd.　　　　　　　　　Columbus, Ohio  43206
Mayfield Heights, Ohio  44124

*Edwards, P.J.*

{¶1} Appellant, Hope Timber Pallet and Recycling, Inc., appeals a judgment of the Licking County Common Pleas Court denying its motion for reconsideration. Appellee is Levi D. Brewer.

## STATEMENT OF FACTS AND CASE

{¶2} Appellee filed the instant action seeking damages for an intentional tort arising out of an injury occurring at his workplace, a facility owned by appellant. Appellant filed a motion for summary judgment which was denied on January 25, 2010.

{¶3} On May 13, 2010, appellant filed a motion to reconsider the summary judgment decision. The trial court issued the following ruling on June 9, 2010:

{¶4} "This matter came before the Court for non-oral hearing on June 7, 2010 on the Motion of Defendant Hope Timber Pallet & Recycling, Inc. for Reconsideration of the Court's Decision and Judgment Entry filed on January 25, 2010 filed May 13, 2010. The Court having considered the matter finds said motion is well taken and hereby GRANTED.

{¶5} "Counsel for Defendant SHALL submit to the court forthwith a Judgment Entry in accordance with this Memorandum of Decision, and shall do so within 14 days. If this decision terminated the case, the entry must comply with Civil Rule 54. Failure to provide the entry as ordered in this Memorandum of Decision may result in a dismissal pursuant to Civil Rule 41."

{¶6} On June 17, 2010, the court issued the following judgment:

{¶7} "This matter is before the court on defendant Hope Timber's motion for reconsideration.

**{¶8}** "After considering the parties' memoranda, the Court finds that, construing the evidence in favor of the non-moving party, there are genuine issues of material fact. However, in light of the recent Supreme Court decision in *Kaminski v. Metal & Wire Products, Co.*, 2010-Ohio-1027, and *Stetter v. R.J. Corman Derailment Servs., L.L.C,* 2010-Ohio-1029, it appears that the only issue of material fact remaining for trial involves the application of R.C. 2745.01(C). Accordingly, the motion for reconsideration is DENIED."

**{¶9}** Appellant filed a notice of appeal, assigning a single error:

**{¶10}** "THE TRIAL COURT ERRED WHEN IT ISSUED ITS JUDGMENT ENTRY DENYING DEFENDANT'S MOTION FOR RECONSIDERATION FILED ON JUNE 17, 2010, WHICH EFFECTIVELY SET ASIDE THE COURT'S FINAL ORDER GRANTING DEFENDANT-APPELLANT'S MOTION FOR RECONSIDERATION FILED ON JUNE 9, 2010."

**{¶11}** Appellee has filed a motion to dismiss the appeal for want of a final appealable order. Appellant argues that the June 9, 2010, order is a final order because in granting reconsideration of the prior entry overruling appellant's motion for summary judgment, the court effectively granted summary judgment on all claims, thereby disposing of the case, and the court lacked jurisdiction to issue the June 17, 2010, judgment.

**{¶12}** When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies the requirements of R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if

so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21.

{¶13} To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

{¶14} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶15} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;"

{¶16} Civ. R. 54(B) provides for entry of a final order when the claims or all parties have not been adjudicated upon a finding of no just cause for delay:

{¶17} **"(B) Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶18} In the instant case, the June 9, 2010, judgment is not final on its face. The court expressly states in the second paragraph that counsel shall submit a judgment entry in accordance with the memorandum of decision within 14 days, and if the entry terminates the case, it must comply with Civ. R. 54. Clearly on the face of the entry the judgment is not a final order as it contemplates a further judgment which may or may not terminate the case. Contrary to appellant's argument, the court did not effectively grant summary judgment on all issues in the case. By granting reconsideration, the court merely agreed to reconsider its prior denial of the summary judgment motion based on recent case law. The court did not enter summary judgment on any of appellee's claims in this entry.

{¶19} The June 17, 2010, judgment states that there is one issue of material fact remaining for trial. The entry does not include Civ. R. 54(B) language that there is no just cause for delay, and is not a final appealable order. The entry serves to clarify what issues remain pending for trial in light of the recent case law cited by appellant.

{¶20} The appeal is dismissed.

By: Edwards, P.J.

Gwin, J. and

Farmer, J. concur

_____

_____

_____

                                JUDGES

JAE/r1018

[Cite as *Brewer v. Hope Timber Pallet & Recycling, Inc.*, 2011-Ohio-533.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEVI BREWER | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HOPE TIMBER PALLET AND RECYCLING, INC. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-76 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Licking County Court of Common Pleas is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES