THE STATE EX REL. BODDIE, APPELLANT, *v.* FRANKLIN COUNTY 911 ADMINISTRATOR, APPELLEE.

[Cite as *State ex rel. Boddie v. Franklin Cty. 911 Admr.,* 135 Ohio St.3d 248, 2013-Ohio-401.]

*Appellate procedure—Final orders—Magistrate's decision not appealable.*

(No. 2012-1548—Submitted February 5, 2013—Decided February 14, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-523.

_____

**Per Curiam.**

{¶ 1} We dismiss the appeal of appellant, Howard Boddie Jr., from an order denying his motion for reconsideration of a magistrate's decision recommending dismissal of his action for a writ of mandamus. "Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs." *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 11; Ohio Constitution, Article IV, Section 2(B)(2)(a)(i). "R.C. 2505.03 restricts the appellate jurisdiction of this court to the review of final orders, judgments, or decrees." *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 17.

{¶ 2} "R.C. 2505.02 defines a final order for purposes of appeal." *Id.* at ¶ 18. The applicable portion of this statute states, "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). The magistrate's decision recommending dismissal of Boddie's mandamus case is not a final, appealable order, because it does not determine the mandamus action and

prevent a judgment. *See* Civ.R. 53(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court") and (e) ("A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order"); *In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435, 938 N.E.2d 432, ¶ 17 ("Orders do not constitute court orders unless certain formalities are met, and only judges, not magistrates, can terminate claims or actions by entering judgment"). Nor did the court of appeals' order denying Boddie's motion for reconsideration of the magistrate's decision constitute a final, appealable order. *See Brewer v. Hope Timber Pallet & Recycling*, 5th Dist. No. 10-CA-76, 2011-Ohio-533 (order denying motion for reconsideration of interlocutory order denying motion for summary judgment is not a final, appealable order); *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218, 736 N.E.2d 101 (2000) ("Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outline of the dispute and the remedy provided"). The court of appeals' order denying the motion for reconsideration did not resolve Boddie's mandamus claim, which, according to the court's website, was dismissed by the court of appeals in accordance with the magistrate's decision on January 7, 2013.

{¶ 3} Therefore, the order appealed from does not constitute a final, appealable order under R.C. 2505.02(B)(1), because it does not determine Boddie's mandamus action or prevent a judgment. *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4. We thus lack jurisdiction over this appeal and dismiss it.

Appeal dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

———————————

2

Howard Boddie Jr., pro se.

_____