[Cite as *In re A.T.*, 2020-Ohio-4155.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| A.T. & S.T. | : | Appellate Case No. 2020-CA-10 |
| | : | |
| | : | Trial Court Case No. S48552 |
| | : | |
| | : | (Appeal from Common Pleas |
| | : | Court – Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of August, 2020.

. . . . . . . . . . .

JOHN M. LEAHY, Atty. Reg. No. 0091204, 87 South Progress Drive, Xenia, Ohio 45385
        Attorney for Father

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney,
Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Greene County Children Services

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Father appeals from a January 13, 2020 judgment of the juvenile court that overruled as untimely Father's objections to the magistrate's decision of December 17, 2019. The magistrate had concluded that it was in the best interest of Father's minor children to award custody to the children's relatives. Because we find that there was no final appealable order, we lack jurisdiction over this appeal, and it is accordingly dismissed.

**{¶ 2}** At issue is the proper characterization of the magistrate's December 17, 2019 decision, which the trial judge also signed, and the juvenile court's January 13, 2020 judgment. On May 28, 2020, after briefing had begun in this appeal, this Court issued an order that "identified issues potentially affecting our jurisdiction." In our order, we noted that, in a situation where a trial court has already entered a final judgment adopting a magistrate's decision, "late objections are a nullity, and the decision overruling them cannot be appealed." We cited *Daniel v. Walder*, 2d Dist. Montgomery No. 27709, 2018-Ohio-3195, ¶ 17-18 ("A court may consider untimely objections but only '*so long as the trial court has not entered a final judgment*.' * * * After a trial court has entered a final judgment, the court cannot consider objections" (Emphasis in original.)).

**{¶ 3}** Our order further noted that the determination of whether the trial court had already entered a final judgment when Father's objections were filed required, in turn, a discussion of the December 17, 2019 magistrate's decision and the January 13, 2020 judgment "in light of *Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344 (2d Dist.) and its progeny, as well as the recent amendment to Civ.R. 54(A). *See, e.g. Waxman v. Link*, 2d Dist. Montgomery No. 28415, 2020-Ohio-47."

**{¶ 4}** We therefore ordered the parties to address the jurisdiction of this court to

hear this appeal in their briefs and to specifically address the cases we mentioned. Insofar as Father had already filed his merit brief, we instructed him to address these matters in his reply brief.

{¶ 5} In its brief, Greene County Children Services (GCCS) asserts that this court "does not have jurisdiction to entertain the current appeal as the trial court has not yet issued a final appealable order." GCCS points out that the trial judge did not issue a separate judgment entry adopting the magistrate's decision and that, until it does so "and enters judgment, the magistrate's decision is merely an interlocutory recommendation and is not a final, appealable order." GCCS also addresses the assignment of error raised in Father's brief, arguing that the juvenile court correctly overruled Father's objections because they were untimely.

{¶ 6} In his reply, Father asserts that "[t]he recent amendment to Civ.R. 54(A) alters the requirements for a Judgment to be '. . . a written entry ordering or declining to order a form of relief, signed by a judge, and journalized in the docket of the court.' " Therefore, he argues that we have jurisdiction to hear an appeal from the January 13, 2020 judgment.

{¶ 7} In *Waxman v. Link*, 2d Dist. Montgomery No. 28415, 2020-Ohio-47, we stated:

> Under Ohio Constitution, Article IV, Section 3(B)(2), we have appellate jurisdiction only over final and appealable orders. "When a trial court refers a matter to a magistrate for a decision, the magistrate's decision is not a final appealable order. * * * The trial court's resolution of a referred matter, upon review of the magistrate's decision, must satisfy several

requirements to be considered a final appealable order." *Keeney v. Keeney*, 2d Dist. Clark No. 19-CA-0037, 2019-Ohio-4098, ¶ 3. "First, the trial court's judgment entry must contain the trial court's own judgment and order on the underlying matter; it is insufficient for the trial court to simply adopt the magistrate's decision as its own order." *Id.* at ¶ 4, citing *State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, 985 N.E.2d 1263, ¶ 2, *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218, 736 N.E.2d 101 (9th Dist.2000), and Civ.R. 53(D)(4)(e).

In addition, "[t]he trial court's entry must sufficiently address the pending issues 'so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry,' " the court must rule on pending objections if they have been made, and "the judgment entry must 'be a document separate from the magistrate's decision.' " *Kenney* at ¶ 7, quoting *Kendall v. Kendall*, 6th Dist. Ottawa No. OT-13-019, 2014-Ohio-4730, ¶ 15. (Other citations omitted.) *See also Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344, ¶ 20 [2d Dist.] (" 'Civil Rule 54(A) provides that "[a] judgment entry shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." A trial court must render its own separate judgment and may not simply state that it approves, adopts, or incorporates a magistrate's decision.' ").

With respect to the requirement of separate documents for a magistrate's decision and a judgment entry, both *Kenney* and *Bennett* relied

on the provision in Civ.R. 54(A) that " '[a] judgment shall not contain * * * the magistrate's decision in a referred matter.' " *Kenn[e]y* at ¶ 7; *Bennett* at ¶ 20. However, Civ.R. 54(A) was amended, effective July 1, 2019, to eliminate that language. After the amendment, the rule states only that " 'Judgment' as used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court."

*Id.* at ¶ 20-22.

{¶ 8} Juv.R. 40(3)(a)(iii) provides, in part: "A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Juv.R. 40(D)(3)(b)."

{¶ 9} This Court has noted:

A court may consider untimely objections but only "*so long as the trial court has not entered a final judgment.*" (Emphasis sic.) *Learning Tree Academy, Ltd. v. Holeyfield,* 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006, ¶ 15, fn. 2; *see also Thompson v. Thompson*, 2d Dist. Montgomery No. 27394, 2017-Ohio-8192, ¶ 9. After a trial court has entered a final judgment, the court cannot consider objections. *See Murray v. Goldfinger, Inc.,* 2d Dist. Montgomery No. 19433, 2003-Ohio-459, ¶ 5, * * *.

*Daniel*, 2d Dist. Montgomery No. 27709, 2018-Ohio-3195, ¶ 17.

{¶ 10} The magistrate's decision at issue in this case contains findings of fact, conclusions of law, and a final section titled "DISPOSITION." At the bottom of the third page under "DISPOSITION," the phrase "IT IS SO ORDERED" appears above the magistrate's signature; directly thereunder, "IT IS SO ORDERED" again appears above the signature of the juvenile court judge. On the next and final page, the following statement appears at the top, under the case name and number and without a heading: "Any party may file objections to this decision within fourteen days. Such party shall not assign as error on appeal the Court's adoption of any findings of fact or conclusion of law in this decision unless the party timely and specifically objects to that finding or conclusion as required by Juv.R. 40(D)(3)(b)(iv)." Below that is a list of interested parties and counsel who purportedly received copies of the decision. The magistrate's decision is reflected on the court's docket, but its adoption by the juvenile court is not journalized.

{¶ 11} We note that the Magistrate issued four prior decisions in this case: on November 3, 2017 (after a shelter care hearing); on December 6, 2017 (adjudication/disposition); on October 19, 2018 (after a review hearing); and on April 5, 2019 (review hearing). In each of those decisions, the phrase "IT IS SO ORDERED" appeared above the magistrate's signature line. Then the following notice appeared:

JUDGE'S ORDER ADOPTING MAGISTRATE'S DECISION

The above Magistrate's Decision is hereby adopted as an order of this Court. The parties have fourteen (14) days to object to this decision. Except for a claim of plain error, a party shall not assign as error on appeal the Court's adoption of any factual findings of fact or legal conclusion,

whether or not specifically designated as a finding of fact or conclusion of law under Juvenile Rule 40(D)(3)(a)(ii), unless the party has objected to the finding or conclusion as required by Juvenile Rule 40(D)(3)(b).

{¶ 12} Beneath the quoted notice was the phrase "IT IS SO ORDERED," above the trial court's signature line.   Beneath the court's signature line and date, the following appears:

ENDORSEMENT:   The Clerk of Courts is hereby directed to serve upon all parties not in default for failure to appear, notice of the judgment and its date of entry upon the journal.

NOTICE OF FINAL APPEALABLE ORDER

Copies of the foregoing Entry and Order, which may be a Final Appealable Order, were entered upon the journal and distributed to the parties as indicated below, via electronic or regular mail [Civ.R.58(B)&5(B)(2)(c)] or in person [Civ.R.58(B)&5(B)(2)(a)] on or within three (3) days of the time stamped date on this Order.

Judge * * *, Clerk, Juvenile Division

{¶ 13} Although the juvenile court judge signed the December 17, 2019 magistrate's decision, the document did not state that the judge adopted the magistrate's decision as an order of the court or enter the court's order resolving the case.   The magistrate's decision was also deficient in that it failed to *conspicuously* indicate that a party must timely object as required by Juv.R. 40, as in the prior magistrate's decisions, as set forth above.   No adoption of the magistrate's decision was ever journalized.   The court's January 13, 2020 judgment overruling Father's objections also did not adopt the

magistrate's decision or enter an order resolving the case.

{¶ 14} We conclude that the juvenile court has not entered a final appealable order, and this appeal is dismissed for lack of jurisdiction.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

John M. Leahy
Marcy A. Vonderwell
James R. Kirkland
April Moore
Hon. Adolfo A. Tornichio