[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson*, Slip Opinion No. 2022-Ohio-1823.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1823

THE STATE OF OHIO, APPELLEE, *v*. JACKSON ET AL.; ALLEGHENY CASUALTY COMPANY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson*, Slip Opinion No. 2022-Ohio-1823.]

*Trial court failed to adopt magistrate's decision in accordance with Civ.R. 53(D)(4)(a)—Because there was not a final, appealable order, court of appeals lacked jurisdiction to issue its judgment—Court of appeals' judgment vacated and cause remanded to trial court.*

(No. 2021-0742—Submitted May 11, 2022—Decided June 2, 2022.)

APPEAL from the Court of Appeals for Hamilton County, No. C-200153, 2021-Ohio-1646.

_____

{¶ 1} Appellant, Allegheny Casualty Company, appeals the First District Court of Appeals' judgment affirming the trial court's denial of Allegheny's motion to set aside a bond-forfeiture judgment against it and to release it from liability. For

the reasons that follow, we vacate the judgment of the court of appeals and remand the case to the trial court.

{¶ 2} The bond-forfeiture judgment against Allegheny is documented in a magistrate's decision that was entered on the trial court's docket on September 27, 2019. In that decision, the magistrate found that Allegheny had been properly notified of the bond forfeiture, that a bond forfeiture had been entered into the record, that Allegheny and the criminal defendant in the case were no longer in violation of the terms of the bond, and that the state was entitled to a judgment against the defendant and Allegheny for $50,000.

{¶ 3} Under Civ.R. 53(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by the court." In this case, there is no evidence that the trial court adopted the magistrate's September 27 decision.[1] If not adopted by the court, a magistrate's decision is not a final, appealable order. *State ex rel. Robinson v. Adult Parole Auth.*, 152 Ohio St.3d 391, 2018-Ohio-558, 96 N.E.3d 283, ¶ 2; *see also State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, 985 N.E.2d 1263, ¶ 2-3. Accordingly, because the trial court failed to enter a final, appealable order on the bond forfeiture, the court of appeals lacked jurisdiction to issue its judgment in this case. We therefore vacate the judgment of the court of appeals and remand the case to the trial court.

Judgment vacated

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

---

1. The trial court's docket shows—and the record includes—a December 31, 2019 entry adopting a magistrate's decision. That entry includes the trial-court case number for this case and lists Allegheny as a party, but the other named parties on the entry are a defendant and a bondsman who are not involved in this case. Further, the entry describes a forfeiture hearing held on October 30, 2019, and a magistrate's decision dated November 6, 2019. In this case, the magistrate issued the bond-forfeiture decision on September 27, 2019, following a September 4 hearing. The December 31, 2019 entry also appears to be signed by a judge who is not involved in this case.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and James S. Sayre, Assistant Prosecuting Attorney, for appellee.

Ray Robinson Law Co., L.P.A., and Sandra M. Kelly; and Burns White and Colleen A. Mountcastle, for appellant.

Gary A. Rosenhoffer, in support of appellant for amicus curiae, Ohio Bail Agents Association.

_____