[Cite as *Ohio Dept. of Taxation v. Barney*, 2023-Ohio-636.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio Department of Taxation,      :

       Plaintiff-Appellee,      :            No. 21AP-461
                                       (C.P.C. No. 14JG-54834)

v.      :
                                  (REGULAR CALENDAR)

Mitchell V. Barney,      :

       Defendant-Appellant.      :

---

D E C I S I O N

Rendered on March 2, 2023

---

**On brief:** *Keith D. Weiner & Associates Co.*, *LPA*, and *Suzana Pastor*, for appellee.

**On brief:** *Mitchell V. Barney*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Mitchell V. Barney, appeals from a judgment of the Franklin County Court of Common Pleas, adopting a magistrate's decision ordering the release of garnished funds to plaintiff-appellee, State of Ohio Department of Taxation. For the reasons that follow, we dismiss the appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The material facts in this case are undisputed. On November 4, 2014, appellee submitted to the common pleas court a certified personal income tax assessment against appellant in the principal amount of $5,676.99. According to appellee, the assessment had become final, by operation of law, when appellee obtained and recorded a judgment lien in

the total amount of the assessment. On January 14, 2021, on appellee's application, the common pleas court ordered the garnishment of appellant's funds held by Citizens Bank.

{¶ 3}    Pursuant to R.C. 2716.06, the Franklin County Clerk of Courts ("clerk") served appellant with a "notice to the judgment debtor of garnishment of property other than personal earnings" that provided in relevant part as follows:

> You are hereby notified that this court has issued an order in favor of the * * * creditor in this proceeding, directing that some of your money in excess of $500.00, property, or other credits other that personal earnings, now in the possession of the garnishee [Citizens Bank], be used to satisfy your debt to the judgment creditor. This order was issued on the basis of the judgment creditor's judgment against you that was obtained in, or certified to the Franklin County Common Pleas Court * * *.

{¶ 4}    On February 25, 2021, Citizens Bank filed an "answer of garnishee," wherein Citizens Bank certifies that on February 17, 2021, appellant had more than $500.00 in money, property, or credits other than personal earnings, in a checking account. Citizens Bank further avers that the amount in excess of $500.00 is $275.35.  Accordingly, Citizens Bank delivered $275.35 to the clerk. Appellant disputed appellee's right to the funds, and on March 9, 2021, appellant timely filed a request for a hearing.

{¶ 5}    On March 10, 2021, appellee moved the court for an order releasing the garnished funds held by the clerk. On May 5, 2021, a court magistrate held a garnishment hearing by video. On May 14, 2021, the magistrate issued a decision which concludes as follows: "[T]he Franklin County Clerk of Courts is hereby ORDERED to release the sum of $275.35 to the Judgment Creditor, the State of Ohio Department of Taxation." (Emphasis sic.) (May 14, 2021 Mag. Decision at 3.)

{¶ 6}    On June 3, 2021, appellant filed objections to the magistrate's decision. On July 20, 2021, appellant filed the additional documents in opposition to the garnishment. On August 18, 2021, the trial court issued a decision and judgment entry adopting the magistrate's decision as its own.  Appellant timely appealed to this court from the August 18, 2021 judgment.

## II.  FINAL APPEALABLE ORDER

{¶ 7}    Although neither party in the present case has questioned the finality of the August 18, 2021 order, this court has the duty to sua sponte determine whether we have

jurisdiction of this appeal. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221; *G. Scottco Invest. Co. v. Korleski*, 10th Dist. No. 10AP-582, 2011-Ohio-6656, ¶ 7. "This court has jurisdiction to review final orders or judgments of lower courts within our district." *Korleski* at ¶ 7, citing Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. "If the order is not a final appealable order, we lack jurisdiction and must dismiss the appeal." *Id.*, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993).

{¶ 8} Civ.R. 53(D)(4) pertaining to court action on a magistrate's decision and on any objections to a magistrate's decision provides in relevant part as follows:

> (a) *Action of court required.* A magistrate's decision is not effective unless adopted by the court.
>
> * * *
>
> (c) *If no objections are filed.* If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision.
>
> (d) *Action on objections.* If one or more objections to a magistrate's decision are timely filed, *the court shall rule on those objections.* In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

(Emphasis sic.) (Emphasis added.)

{¶ 9} Here, the trial court's decision and judgment entry closes with the following:

> Therefore, after consideration and independent review, the Court finds that there is no error of law or other defect evident on the face of the Magistrate's Decision, and accordingly, it **ADOPTS** in full Magistrate Browning's Decision dated May 14, 2021, which is incorporated herein by reference. This is a final appealable order and there is no just cause for delay.

(Emphasis sic.) (Jgmt. Entry at 3.)

{¶ 10} The trial court's concluding paragraph conflates the standard of review set forth in Civ.R. 53(D)(4)(c), applicable if no objections are filed, with the standard of review set forth in Civ.R. 53(D)(4)(d), pertaining to actions on objections. Though the concluding paragraph begins with "after consideration and independent review," it continues: "the

Court finds that there is no error of law or other defect evident on the face of the Magistrate's Decision." (Jgmt. Entry at 3.) As a result of the apparent confusion of the two standards of review, the trial court expressly adopted the magistrate's decision as its own, but failed to explicitly rule on appellant's objections to the magistrate's decision.

{¶ 11} Pursuant to Civ.R. 53(D)(4), a trial court " 'shall rule on any objections' to a magistrate's report. 'This rule imposes a mandatory duty on the court to dispose of a party's objections to a magistrate's report.' " *Korleski* at ¶ 8 (applying former Civ.R. 53(E)(4)(b)), quoting *Drummond v. Drummond*, 10th Dist. No. 02AP-700, 2003- Ohio-587, ¶ 13. " 'It is clear that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections.' " *Id.*, quoting *Drummond* at ¶ 13, citing *McCown v. McCown*, 145 Ohio App.3d 170, 172 (12th Dist.2001). *See also In re J.V.*, 10th Dist. No. 04AP-621, 2005-Ohio-4925.

{¶ 12} This court has previously concluded that a final appealable order is lacking if the trial court adopts a magistrate's decision without acknowledging or explicitly ruling on objections. For example, in *Korleski* the state obtained partial summary judgment against the mobile home park, establishing non-compliance with sewage treatment permits and resulting environmental violations. Following a trial, the court magistrate recommended a civil penalty against the mobile home park in the amount of $538,441 and ordered specific injunctive relief. Both parties filed objections to the magistrate's decision, but the trial court, in adopting the magistrate's decision and entering judgment reducing the penalty, completely failed to resolve or even mention the state's objections.

{¶ 13} The mobile home park appealed, and the state filed a cross-appeal. This court sua sponte dismissed the appeal for want of jurisdiction on concluding the trial court's judgment was not a final appealable order. In reaching this conclusion, we explained that "the trial court did not consider or in any way reference the state's timely-filed objections to the magistrate's report. Those issues were not considered, therefore, in the first instance, and are not ripe for review. The trial court's own designation of the order as final and appealable is not determinative of whether we may hear the appeal." *Korleski* at ¶ 9.

{¶ 14} Similarly, in *J.V.* a complaint was filed alleging that respondent's children were dependent under R.C. 2151.04(C). A magistrate found the children were dependent and temporarily committed them to the custody of their father. Both mother and the

children filed objections to the magistrate's decision. The trial court overruled mother's objections and adopted the magistrate's decision but did not mention the children's objections. The mother appealed.

{¶ 15} This court sua sponte dismissed the appeal for want of jurisdiction on finding "the trial court's failure to render judgment concerning appellant's children's objections to the magistrate's decision constitutes a jurisdictional bar for appellate review." *J.V.* at ¶ 11. Even though this court dismissed the appeal, we recognized an alternative to dismissal "[i]n cases where the appellate court can identify some reference to the trial court's consideration of objections, appellate courts have found support for the notion that we should presume that a trial court has ruled on objections. See e.g. *H.L.S. Bonding Co. v. Fox,* Franklin App. No. 03AP-150, 2004 Ohio 547, at ¶ 8-9 (presuming the trial court overruled appellant's objections where the trial court 'reviewed' the parties' objections and modified the magistrate's decision); and *Shaffer v. Shaffer* (1996), 109 Ohio App.3d 205, 212, 671 N.E.2d 1317 (presuming the trial court overrule objections where the court had made a 'cursory' reference to the objections)." *Id.* at ¶ 23.

{¶ 16} The judgment entry in this case provides in relevant part as follows:

> On June 3, 2021. Barney filed objections to the Magistrate's Decision. On July 16, 2021, a transcript of the hearing was filed.
>
> When reviewing objections to a magistrate's decision, the Court is required to undertake the equivalent of a *de novo* review determination, and independently assess the facts and conclusions contained in the report of that magistrate. *DeSantis v. Soller*, 70 Ohio App. 3d 226, 232, 590 N.E.2d 886 (10th Dist.1990), citing *Normandy Place Assoc. v. Beyer*, 2 Ohio St. 3d 102, 443 N.E.2d 161 (1982); *Randall v. Eclextions Lofts Condo Assn.*, 10th Dist. Franklin No. 13AP-708, 2014-Ohio-1847, ¶ 7.
>
> The transcript provided to the Court shows that Magistrate Browning gave Barney until 5:00 p.m. on May 6, 2021 to file the banking records that he alleged at the hearing demonstrated that his accounts were improperly garnished. Barney did not file any supplemental documentation within the time frame allowed by Magistrate Browning.

> In his objections, Barney relays that Magistrate Browning had before her exhibits demonstrating that his bank accounts had less than the amount allowed to be garnished.

(Footnotes omitted.) (Jgmt. Entry at 1-2.)

{¶ 17} Here, the trial court issued a "judgment entry adopting magistrate's decision regarding garnishment hearing and *overruling objections*." (Emphasis added.) (Jgmt. Entry at 1.) In addition, the "judgment entry" clearly evidences consideration of appellant's objections. Furthermore, based on the trial court's review of appellant's objections, the transcript of proceedings and the evidence submitted by the parties, the trial court found that "[t]he Answer of Garnishee Citizens remains unrebutted that it had more than $500.00 in money, property, or credits other than personal earnings, of the judgment debtor, under its control and in its possession." (Jgmt. Entry at 3.) This finding by the trial court effectively disposed of appellant's objections. In our view, the trial court's judgment entry leaves little doubt that the trial court considered the merits of appellant's objections, found them meritless, and would have explicitly overruled the objections had it not mistakenly conflated the Civ.R. 53(D)(4) standards of review.

{¶ 18} In determining our jurisdiction of this appeal, however, we cannot overlook the fact that the trial court never expressly entered judgment for appellee and never ordered the clerk to release the garnished funds. Civ.R. 53(D)(4)(e) provides as follows:

> *Entry of judgment or interim order by court.* A court that adopts, rejects, or modifies a magistrate's decision *shall also enter a judgment* or interim order.

(Emphasis sic.) (Emphasis added.)

{¶ 19} " 'In order for a judgment to be final and appealable, a trial court cannot merely adopt a magistrate's decision; it must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided." ' " *Gates v. Praul*, 10th Dist. No. 09AP-123, 2010-Ohio-2062, ¶ 16, quoting *Miller v. McStay*, 9th Dist. No. C.A. 22918, 2006-Ohio-2282, ¶ 4, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000). "A trial court must enter its own independent judgment, disposing of the matters at issue between the parties so that the parties know of their rights and obligations

by referring only to the document known as the 'judgment entry.' " *Gates* at ¶ 16, citing *Conrad v. Conrad*, 9th Dist. No. C.A. 21394, 2003-Ohio-2712, ¶ 4.

{¶ 20} Here, the trial court's conclusory paragraph expressly adopts the magistrate's judgment as its own, but does not employ the word "judgment" or any other verbiage terminating the case. The conclusory paragraph also fails to order the relief requested by appellee. It is true that the magistrate expressly ordered the clerk to release the garnished funds to appellee, but " 'only judges, not magistrates, can terminate claims or actions by entering judgment.' " *State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, at ¶ 2, quoting *In re Adoption of S.R.A.*, 189 Ohio App.3d 363, 2010-Ohio-4435, ¶ 17 (10th Dist.). " '[T]he judge must still separately enter his or her own judgment setting forth the outline of the dispute and the remedy provided.' " *Boddie* at ¶ 2, quoting *Harkai* at 218. "[M]erely approving and adopting a magistrate's decision is not enough, the trial judge ' "must still separately enter his or her own judgment setting forth the outline of the dispute and the remedy provided." ' " *In re A.M.,* 3d Dist. No. 9-19-54, 2020-Ohio-2666, ¶ 11, quoting *Boddie* at ¶ 2, quoting *Harkai* at 218. As this court has previously stated, the trial court's own designation of the order as final and appealable is not dispositive of appellate jurisdiction. *Korleski* at ¶ 9.

## III. CONCLUSION

{¶ 21} Because the trial court did not enter judgment in this case and did not order the requested relief, we find the August 18, 2021 judgment entry is not a final appealable order. Therefore, the appeal is dismissed for lack of jurisdiction.

*Appeal dismissed.*

DORRIAN and MENTEL, JJ., concur.

_____